EPPENETUS ROGERS and REBECCA his wife *against* JESSE
HURD.

MOTION for a new trial.

This was an action of ejectment for a lot of land in
*Chatham.*

The defendant pleaded the general issue.

All contracts
made by in-
fants against
their interest
are *void;* and
all contracts
made by them
with a sem-
blance of advantage are *voidable.*
A parent, guardian, or master, having an infant under his care, and allowing him
to contract, shall be personally liable for such contract of the infant.
The same evidence ought to be required of the confirmation of a voidable contract
after full age, as of the execution of a new one.

On the trial, it was admitted, that said *Rebecca* was well seised of the premises on the 13th of *August*, 1794, she being then a *feme sole*, of the name of *Rebecca Hunt*, and an infant. The defendant, to prove that she had no title after that time, offered in evidence a quit-claim deed of the premises, of that date, executed by her and *Nathaniel Doane*, her then lawful guardian, for a valuable consideration, to *Job Doane;* and stated, that he was able to prove that said *Rebecca*, after she became of full age, and before her marriage, and that both the plaintiffs since, had acquiesced in her deed, and express-ly affirmed the same. To the admission of this evidence the plaintiffs objected, on the ground that the deed was in law absolutely void. The court decided that the deed was, for that reason, inadmissible, and rejected it. A verdict being found for the plaintiffs, the defendant moved for a new trial ; and the court reserved the question for the consideration of the nine judges.

*Hosmer*, in support of the motion.

1. The deed of *Rebecca Hunt*, at common law, was *voidable* only. The disability of an infant is his *shield* but, it is nothing more. To adjudge his contract voidable will, *generally*, afford him adequate protection. If, however, it be necessary, in any particular case, to consider his contract as *void*, it must be done; as where a lease is made without reservation of rent, which is injurious on the face of it. This exception to the general rule will not affect the present case; for the ▉▉ed in question was given for a valuable consideratio▉.

The rule of the common law, laid down by *Perkins*, *sect.* 12. and recognised by Lord *Mansfield*, in *Zouch* v. *Parsons*, 3 *Burr*. 1804. is this: all gifts, grants or deeds made by infants, which take effect by delivery, are *void-able;* but such as do not take effect by delivery, as letters of attorney, or deeds which delegate a *mere*

*power,* and convey no interest, are *void.* See 1 *Fonb. Eq.* 74, 75. *Newland on Contr.* 11.

In *Darby* v. *Boucher,* 1 *Salk.* 279. the chief justice said, that though the promise of an infant is void, yet a bond takes effect by sealing and delivery, and, consequently, is a more deliberate act, and therefore is only *voidable.* See *Cro. Eliz.* 126. *Id.* 700. *Id.* 920. *Whelpdale's* case, 5 *Co.* 119.

2. Our statute(a) is applicable to *personal contracts* only; or, at least, to such as would bind the *parent, guardian,* or *master.* This case, therefore, is not affected by it.

3. The object of the statute was to subject the *parent, guardian,* or *master,* where he would not be liable at common law. In other respects, the statute is *in affirmance* of the common law. In the true construction of it, it runs parallel with the decision in *Bainbridge* v. *Pickering,* 2 *Bla. Rep.* 1325.

*J. T. Peters* and *J. H. Peters,* contra.

1. The deed of *Rebecca Hunt* was *void* at common law. The case of *Bainbridge* v. *Pickering* establishes this position, that an infant, under the care of a parent or guardian, cannot contract with a stranger even for necessaries. Nor can an infant, under any circumstances, bind himself to pay more for necessaries than they are worth; (1 *Roll. Abr.* tit. *Enfants, p.* 729.) nor by an instrument, the consideration of which cannot be inquired into; (*Ayliffe* v. *Archdale, Moor,* 679. *Trueman* v. *Hurst,* 1 *Term Rep.* ⬤) nor by a contract without semblance of benefit. (*Lloyd* v. *Gregory, Cro. Car.* 502.)

The acknowledgment of the receipt of a consideration in the deed is no more than an account stated; and not even *primâ facie* evidence of any beneficial consideration being paid.

(a) *Stat. Conn.* tit. 107. s. 2.

It is contrary to the policy of the law to allow infants to purchase goods to sell again. 1 *Roll. Abr.* tit. *Enfants,* *p.* 729. Then, surely, they ought not to be allowed to trade in lands, the most dangerous of all speculations. 1 *Bla. Com.* 490. 492. *Lloyd* v. *Gregory,* *Cro. Car.* 502. *Pow. Contr.* 31. 57. *Perk.* 12, 13.

2. The deed in question was void by the statutes of *Connecticut.* By tit. 8. s. 1. persons of the age of *twenty-one* years are expressly authorized " to make their wills and testaménts, and all other lawful alienations of their lands ;" which implies, that persons under that age have not that authority.

But this doctrine is not left by our statutes to rest on implications, or reasoning upon common law principles. By tit. 107. s. 2. it is enacted, that no person under the government of a parent, guardian or master shall be capable to make *any contract,* which in the law shall be accounted valid, unless such person shall be allowed so to contract, by the parent, &c.; and then the parent, &c. shall be bound. This statute, on a fair construction, and agreeably to the judicial exposition of it in *Alsop* v. *Todd,* 2 *Root,* 105. renders the deed in question *void.*

3. The deed being *void,* cannot be *confirmed. Alsop* v. *Todd,* 2 *Root,* 105. *Co. Litt.* 295. b. *Jenkins v. Church,* *Cowp.* 482. *Doe* v. *Butcher, Doug.* 50. *Goodright* v. *Humphreys, Doug.* 52. *note* (14). *Doe* v. *Watts,* 7 *Term Rep.* 83. *Saunderson* v. *Marr,* 1 *H. Bla.* 75.

BY THE COURT. This case depends on the construction of the second section of the act relating to masters and servants or apprentices, which is as follows : " That no person under the government of a parent, guardian or master, shall be capable to make any contract or bargain, which in the law shall be accounted valid, unless the said person be authorized or allowed so to contract, by his or her parent, guardian or master; in which case such parent, guardian or master shall be bound there-

by.(a)  This law is very inaccurately penned.  A literal construction would prohibit infants from making contracts for their benefit : and it is a very awkward expression, that an infant shall make no contract, unless authorized by the parent, guardian, or master ; and that such contract shall be binding on such parent, guardian, or master.  But every statute must have a reasonable construction, so as, if possible, to carry into effect the manifest intent of the legislature.  It cannot be supposed that the legislature intended to introduce regulations merely in affirmance of the common law.  What was, then, their intent in passing this law ?  It is evident, that they did not intend to deprive infants of the power of making contracts for their benefit, nor did they mean, by using the expression " accounted valid," to leave their contracts, as to their being void or voidable, on the same footing as at common law.  They must have contemplated contracts not for their apparent benefit ; and their object must have been to render them incapable of making such contracts, though the term " accounted valid" may be satisfied, by considering them voidable only ; for a voidable contract cannot strictly be said to be void ; yet it is evident, that the legislature intended by this phrase to enact, that the contracts of infants should be absolutely void ; for such would be the common understanding of the term ; and there could be no reason for making the law, unless such was the meaning of it : for otherwise the statute has no effect, and leaves the matter as it was before at common law.  Such has ever since been the general understanding of courts, respecting the construction of this statute.

In respect to the other part of the statute, the manifest intent is to render parents, guardians, and masters personally liable, where they authorize and allow infants under their care to make contracts, instead of making

<div style="margin-left:auto;text-align:right">June, 1809.

ROGERS<br>
v.<br>
HURD.</div>

(a) *Stat. Conn.* tit. 107. s. 2.

June, 1809.

ROGERS
v.
HURD.

the infants liable. This is a reasonable construction of the statute, and tends to prevent disputes and uncertainty. There seems to be no good reason why a contract of an infant, by matter in deed or in country, that takes effect by delivery of his hand, though apparently against his interest, should be voidable only, while others are absolutely void. Questions will arise, whether the infant has an act to perform, to avoid or confirm his contract, and what acts shall amount to an avoidance or confirmation. Indeed, the same evidence ought to be required of the confirmation of a voidable contract, after full age, as of the execution of a new one, to avoid fraud and imposition. Of course, no advantage can be derived from considering certain contracts to be voidable only. The plain principle is, that all contracts made by infants against their interest are void, and that all with the semblance of advantage are voidable.