## MAPLES *against* WIGHTMAN.

In an action before the city court, the declaration will be insufficient, if it do not state, that the cause of action arose within the limits of the city.

By pleading the general issue to an action brought before the city court, wherein the plaintiff avers, that the cause of action arose within the limits of the city, the defendant traverses such averment; and the burden of proof devolves, of course, upon the plaintiff. If the plaintiff fail to prove, or if the defendant disprove, such averment, the plaintiff cannot recover.

All contracts made by infants against their interest, are void, and not susceptible of confirmation.

A promissory note, executed by an infant, as the surety of another, is a contract against his interest.

This was an action on a promissory note, brought originally before the *Norwich* city court. The plaintiff declared, " that the defendant, *Valentine Wightman*, in and by a certain writing or note, under his hand, by him well executed, in the city of *Norwich*, dated the 15th day of *May*, 1818, promised the plaintiff, jointly and severally with *Elisha Wightman*, to pay to him, or order, for value received, 75 dollars, with interest, in thirty days from date."

The defendant pleaded *non assumpsit;* and, on this issue, the cause was tried at *New-London*, *October* term, 1821, before *Peters*, J.

It was admitted, that the note declared on, was executed by *Elisha Wightman*, for a valuable consideration, within the limits of the city of *Norwich;* and that the defendant signed

*New-London, July, 1822.*

Maples
*v.*
Wightman.

t , while an infant, under the age of twenty-one years, and under the government of a guardian. The defendant proved, that he signed and delivered the note, at *Bozrah* in *New-London* county, without the limits of the city of *Norwich*, as the surety of *Elisha Wightman*. The plaintiff offered evidence to prove, that the defendant, after he arrived at the age of twenty-one years, within the limits of the city of *Norwich*, acknowledged that the note was justly due from him to the plaintiff, and promised to pay the contents to him. To the admission of this evidence the defendant objected; and the judge rejected it. The judge then directed the jury to find a verdict for the defendant; which was accordingly done. The plaintiff moved for a new trial, for the rejection of the evidence offered by him, and for a misdirection.

*Goddard* and *C. Perkins*, in support of the motion, contended, 1. That where the plaintiff declares of a matter arising *extra jurisdictionem* as being *infra jurisdictionem*, if the defendant does not plead to the jurisdiction of the court, but to the merits, he cannot afterwards take advantage of the jurisdiction. *Lucking* v. *Denning*, 1 *Salk*. 202. S. C. *Holt* 186. The defendant could not take this exception, on the plea of *non-assumpsit*, in the superior court.

2. That this note, being a simple contract, was voidable only, and was susceptible of confirmation, by the infant, when he arrived at full age. 1 *Swift's Dig*. 58, 9. *Lawrence* v. *Gardner*, 1 *Root* 477. *Reeve's Dom. Rel*. 254.

*Gurley* and *Hill*, contra, contended, 1. That it was incumbent on the plaintiff to prove the allegation in his declaration, that the cause of action arose within the limits of the city. This was an essential part of his case, on the general issue; and if he failed to prove it, or if the defendant disproved it, there could be no recovery. In *England*, objections to the jurisdiction even of the superior court, may, in some cases, be taken under the general issue; and as to courts of limited jurisdiction, or such as have no jurisdiction at common law, the want of jurisdiction must either be pleaded in bar, or taken advantage of on the general issue; it not being properly the subject of a plea in abatement. 1 *Chitt. Plead*. 427, 8. *Parker* v. *Elding*, 1 *East* 352. *Taylor* v. *Blair*, 3 *Term Rep*. 452. *The King* v. *Johnson*, 6 *East* 583. In this state, the court, on discovering that they have not jurisdic-

*New-London,* tion of a cause brought before them, will dismiss it, *in any*
July,
1822.    *stage.*    2 *Swift's Syst.* 199.

Maples    2. That the contract of the defendant, in this case, was
*v.*    void.    First, the contracts of infants are void, generally, at
Wightman.    common law.    1 *Swift's Dig.* 56, 7.    Secondly, contracts
of infants under guardian, were void by statute, when this
note was given.    *Tit.* 107. *s.* 2. *p.* 487. ed. 1808.    *Alsop* v.
*Todd,* 2 *Root* 105.    *Rogers* v. *Hurd,* 4 *Day* 57.    Thirdly,
contracts of infants *without any semblance of benefit,* are
void. *Rogers* v. *Hurd,* 4 *Day* 57. 62. *Reeve's Dom. Rel.* 251.
*Harvey* & ux. v. *Ashley* & al. 3 *Atk.* 607. 1 *Swift's Dig.* 55, 6.

3. That the contracts of infants, which are void, are not
susceptible of confirmation.

HOSMER, Ch. J.    The plaintiff has declared on a promis-
sory note, made in the city of *Norwich ;* and, under the plea
of *non-assumpsit,* it appeared to have been executed by the
defendant, when an infant, under the government of a guar-
dian, and at *Bozrah,* without the said city, and as the surety
of *Elisha Wightman.*

The declaration of the plaintiff would have been insuffi-
cient, unless it had contained the averment, that the note was
executed within the city of *Norwich.* *Wooster* v. *Parsons,*
*Kirby* 27.    On a point so perfectly familiar as this, all argu-
ment is superfluous.    It has often been established, by direct
decision, and rests likewise on the invariable practice and
universal understanding, of nearly forty years' continuance.

By the plea of *non-assumpsit,* the plaintiff's averment was tra-
versed ; and the burden of proof, according to the general
principle of evidence, devolved on him, who took the affirma-
tive of the issue.    The allegation that the note was execu-
ted in the city of *Norwich,* was disproved ; and hence the
city court had no jurisdiction.    The adjudication of this point
settles the case conclusively against the plaintiff.

Much controversy has existed at common law, relative to
the contracts of infants ; whether, under given circumstan-
ces, they are void or voidable ; but the diversity of opinion
on this question subsisting between enlightened jurists, I do
not feel myself called on to discuss.    The statute on this
subject provides, "that no person under the government of
a parent, guardian or master, shall be able to make *any* con-
tract or bargain, which in the law shall be accounted valid."
*Tit.* 107. *s.* 2. *p.* 487. ed. 1808.    In the case of *Alsop* v.

*Todd*, 2 *Root* 109. the court considered the above statute, to

use their expression, as raising the common law, and rendering absolutely void, all contracts made within its prohibition. In *Rogers* & ux. v. *Hurd*, 4 *Day* 57. the construction of the statute came a second time under review ; and the court again decided, that all contracts made by infants *against their interest*, were *void*. In delivering their opinion, they say : "It cannot be supposed, that the legislature intended to introduce regulations, merely in affirmance of the common law. What was, then, their intent in passing this law ? It is evident, that they did not intend to deprive infants of the power of making contracts for their benefit, nor did they mean, by using the expression "accounted valid," to leave their contracts, as to their being void or voidable, on the same footing as at common law. They must have contemplated contracts not for their apparent benefit; and their object must have been to render them incapable of making such contracts. Though the term "accounted valid" may be satisfied, by considering them voidable only ; yet it is evident, that the legislature intended, by this phrase, to enact, that the contracts of infants should be absolutely void ; for such would be the common understanding of the term ; and there could be no reason for making the law, unless such was the meaning of it; for otherwise, the statute has no effect, and leaves the matter as it was before at common law. Such has ever since been the general understanding of courts, respecting the construction of this statute." Again : " The plain principle is, that all contracts made by infants, *against their interest*, are *void ;* and that all *with the semblance of advantage,* are *voidable.*" These concurring determinations of the supreme court, have established the law beyond dispute ; and subjected the contract sued upon to the test of a simple enquiry : Is the contract opposed to the interest of the infant ; or has it a semblance of advantage in his favour? On this subject, who can entertain a doubt? The infant could derive, in any event, no possible benefit from the agreement. He was a *surety* only ; and while incapable of governing his own concerns, and placed under the tutelage of another, he is entangled in a measure, of no profit, but of undoubted hazard. The contract is unquestionably void, to all intents and purposes.

The other Judges were of the same opinion.

New trial not to be granted.