# Urban *versus* Grimes.

1. A neglect, or forbearance, by a person, for fourteen years, to bring an action to disaffirm a sale of land, made during minority, is not an affirmance of the title.

Error to the Court of Common Pleas of *Crawford county*.

Ejectment for the undivided half of two town lots in the borough of Meadville. Plea, not guilty; and verdict for plaintiff.

Both parties claimed title through Edward Grimes, deceased, and hence the title was admitted to have been in him. This same Edward Grimes died, leaving heirs, four children, named Andrew M., Catherine, intermarried with Amos Williams, Sally Ann, afterwards intermarried with William H. Glenn, and Polly, the plaintiff below.

The plaintiff claimed one-fourth interest by descent, and another by purchase from her sister Sally Ann, under a general assignment or transfer, of "*all her interest* in her father's estate, real, personal, and mixed," dated April 27, 1843, and recorded September 3, 1850.

The defendant below and plaintiff in error, claimed title, by purchase at sheriff's sale, of the entire interest, as the property of Andrew M. Grimes; and to establish this, gave in evidence, a deed from A. Williams, and Catherine his wife, formerly Catherine Grimes; also from Sally Ann and Polly Grimes, to Andrew M. Grimes, dated 2d of March, 1836, and recorded on the 11th June, 1836, of the respective share or interest each had in these lots. And then gave in evidence, a judgment in the District Court of Crawford county, of *Samuel Taylor* v. *Andrew M. Grimes et al.*, entered to April Term, 1839, No. 175, on the 13th day of May, 1839. A *fi. fa.* thereon to August Term, 1839, No. 15. An *alias fi. fa.* to December Term, 1839, No. 2. A levy upon the two lots, inquisition, and condemnation, followed, with a *venditioni exponas* to January Term, 1840, No. 4. Sale, and sheriff's deed to the plaintiff in error, acknowledged and delivered, on the 24th day of April, 1840.

Andrew M. Grimes was living on the premises, at the time of the conveyance to him by his sisters; and his sisters, Sally Ann and Polly, lived with him, and so continued until after the sheriff's sale. It appeared, that these lots were assessed exclusively to, and in the name of Andrew M. Grimes, after the conveyance to him, and that he paid the taxes thereon up, till after the sale by the sheriff.

The plaintiff below, in answer to all this, introduced proof to show, that a notice was put up at the sheriff's sale, in the names

of Sally Ann and Polly Grimes, claiming the title to the undivided half of the lots, to be in them; and also introduced proof to show, that they were minors at the time of the conveyance to their brother, Andrew M.; that Sally Ann was born in August, 1815, and Polly in February, 1817.

Plaintiff requested the court to charge the jury, "That the deed of March 2, 1836, Williams and wife, and Sally Ann and Polly Grimes, executed during the minority of said Sally and Polly, was simply inoperative as regards them, and remains so as to A. Grimes, and all claiming through him, down to the present time, unless there is evidence, that Polly and Sally Ann, after their majority, with a full knowledge of their rights, expressly ratified and agreed to it."

Defendant requested the court to charge the jury, "That to take advantage of minority, is the privilege of the minor, and any act or conveyance, claimed as in disaffirmance of the agreement, alleged to be made when a minor, must be clearly evidenced, by such paper or conveyance, to enable a third party to take advantage of it; and there is nothing in the release of Sally Ann Grimes, of itself, that evidences an intention to repudiate her deed of 2d March, 1836, by her simple release of her interest in her father's estate, dated 27th April, 1843."

The court, KNOX, J., answered the plaintiff's points in the affirmative, and the defendant's in the negative, so far as applicable to the case in hand; which answer of the court is the error here assigned.

*Church*, for plaintiff in error.—The deed of Polly and Sally Ann Grimes, to Andrew M. Grimes, of the lots in dispute, was not void, even if they were under twenty-one years of age at the time, but at most, only voidable. *Oliver* v. *Haudlet*, 13 Mass. 237; *Whitney* v. *Dutch*, 14 Id. 457, 462.

Those contracts of infants, which *necessarily* operate to their prejudice, are void; but such as may by possibility be to their advantage, are merely voidable. So if there be but a *semblance* of benefit to the infant; and hence a conveyance of land by an infant, is only voidable, and not void. *Vent* v. *Osgood*, 19 Pick. 572, 573; *Zouch* v. *Parsons*, 3 Burr. 1808; *Worcester* v. *Eaton*, 13 Mass. 371, 375; *Boston Bank* v. *Chamberlain*, 15 Id. 220; *Kendall* v. *Lawrence*, 22 Pick. 540, 543; *Nightingale* v. *Wittington*, 15 Mass. 271. And the right of avoidance is a personal one, and cannot be assigned; at least it will not pass by general terms, with no specific reference to it, according to the legal maxim, that no mere right of entry will pass by assignment. *McMechan* v. *Griffing*, 3 Pick. 156. The tacit assent or acquiescence, after full age, when equity will not excuse silence, is a sufficient affirmance. *Lawson* v. *Lovejoy*, 8

[Urban *v.* Grimes.]

Greenleaf, 405. An omission to disaffirm, in a reasonable time after arriving at full age, is a sufficient affirmance. *Kline* v. *Beebe*, 6 Conn. R. 494. The avoidance of the infant's conveyance, can only be effected by himself, and by some unequivocal act of avoidance. A subsequent general conveyance, which may or may not apply to, or cover the same property, is not sufficient. *Roberts* v. *Wiggin*, 1 N. Hamp. 73. To make such subsequent conveyance, a disaffirmance of a former, it must not only be of the same identical property, by clear description, but wholly or necessarily inconsistent on its face with the former. *McGan* v. *Marshall*, 7 Humphrey, (Tenn.) 121; *Tucker* v. *Moreland*, 10 Peters, 58, 73. In the case under consideration, the deed of Sally Ann to Andrew, is descriptive in the strictest sense ; while her conveyance or transfer to Polly, more than seven years after, if valid for any purpose, is of the most general, equivocal, and vague character, and may or may not have been intended to apply to these lots, and hence, is not to be assumed as a matter of law, to avoid the direct conveyance to her brother. 10 U. S. Dig. 203.

*Finney*, for defendant in error, referred to *Kleintrobb* v. *Prescott*, 4 W. 301; *Utt* v. *Long*, 6 W. & S. 174.

The opinion was delivered December 16, 1853.

PER CURIAM.—Polly Grimes, who was plaintiff below, claimed the land in dispute, as one of the heirs of her father, and by virtue of a conveyance from her sister Sally, another heir. Sally was of age in August, 1836, and Polly in February, 1838.

They had conveyed their interest to the brother, Andrew, in March, 1836, and it was sold at sheriff's sale, as the property of Andrew, the brother, in April, 1840. This suit was brought in Oct. 1850, and sustained on the ground, that the girls were minors when they conveyed to their brother, and the only question, which appears to us to call for any discussion, is, whether or not they have affirmed the title, by their delay in disaffirming it.

One authority affirms this proposition, 6 Conn. 505 ; but the authorities the other way, are overwhelming. 4 Day, 57; 9 State R. 14; 7 Id. 21; 11 Johns. 539; 14 Id. 124. In both these two last cases, the only act of disaffirming, was longer delayed than here. As to the other point, we may say, that the deed of Sally was comprehensive enough, to convey her title to Polly, and of course to disaffirm. We do not admit, however, that such a conveyance ever had any validity.

Judgment affirmed.