[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT OF DEFENDANT EDWARD BYRNE
The plaintiff brought suit for damages for personal injury under Connecticut General Statutes section 52-572
against the defendant grandfather as a natural guardian, for the tortious act of his minor grandson. The father, who was also a defendant, had legal custody of the minor, but had allowed the minor to reside with the grandfather for some time before, and at the time of the occurrence. The grandfather now moves for summary judgment on the ground that section 52-572
imposes liability on parents or guardians, and that he is neither, and therefore, liability for his minor grandson's tortious act cannot be imposed upon him. The parties have filed as exhibits to their memoranda a partial transcript of the minor's deposition and affidavits.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact. . . .The party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . a party opposing summary judgment has the burden of showing that there is a genuine issue of material fact. . . .In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the non-moving party." Connell v. Colwell,214 Conn. 242, 246-7 (1990).
The defendant contends that section 52-572 only imposes liability on parents or legally appointed guardians of minors, and since the defendant grandfather is not a parent, nor such legally appointed guardian, he could not be held liable. The plaintiff, although alleging that the defendant is the "natural guardian" of the minor, claims that the grandfather supervised the child who resided with him and that the grandfather signed an affidavit furnished to the minor's school in the capacity of guardian, held himself out to be a guardian, and therefore was a "guardian" for the purposes of section 52-572. CT Page 923
Put another way, the question really presented is whether the legislature intended to impose liability upon a person who acts in loco parentis, or as a "defacto" guardian, without benefit of legal appointment. It is noteworthy that section 52-572 imposes liability on "the parent or parents or guardian of any unemancipated minor or minors . . ." (Emphasis provided.) The word "or" is a disjunctive. A plain reading of the statute leads to the conclusion that liability can be imposed either on a parent or on a guardian, but not on both.
This is reinforced by the statutory scheme pertaining to guardianship which provides that parents are the natural co-guardians of their minor children, and also provides that at the death of one parent, the survivor becomes sole guardian. Moreover, a legal guardian of the person could only be appointed where a minor has no parents, or where the parents have been removed as guardians. See Connecticut General Statutes section 45-45. The reference to guardian in section 52-572 cannot be construed to mean "natural guardian," as that would be redundant. At common law, liability could not be imposed on a parent for the torts of a child. Therefore, section 52-572 which imposes such liability must be strictly construed to require liability to be imposed on a legally appointed guardian.
Neither party points to any case in this state or in any other jurisdiction imposing liability on a "defacto" guardian under a statute similar to section 52-572. Although the defendant grandfather fed, clothed and housed the child and signed an affidavit of residency in the capacity of guardian to obtain the minor's admission to a local school and supervised the child, he does not meet the statutory definition of guardian contained in Connecticut General Statutes section 45-42a, which requires, "The obligation of care and control; and the authority to make major decisions affecting the child's welfare, including but not limited to consent determinations regarding marriage, enlistment in the armed services and major medical, psychiatric or surgical treatment."
As the father had legal custody of the child, he is also his guardian, and he did not relinquish such custody to the grandfather, nor by permitting the minor to live with the defendant grandfather, confer legal guardianship upon him. "The right to the custody of a minor child is one of the principal attributes of a guardianship of the person." Kliner v. Beeke, 6 Conn. 494, 500. "The guardian of the person of a child is entitled to his custody." LaBella v. LaBella,134 Conn. 312, 317 (1948). "The right of custody has never been an absolute right, which could be bargained away and disposed of, CT Page 924 or transferred, by either parent, except. . . with the approval of a court of probate in a manner described by statute." Johnson v. Terry, 34 Conn. 259, 263. As the father retained legal custody, he retained the right of control.
The Court concludes that section 52-572 imposes liability for the torts of an unemancipated minor on a parent, (who is by virtue of such parenthood, a guardian) or upon one who is legally appointed guardian of the person of a child in place of a parent.
Therefore, as the defendant Edward Byrne is neither, his motion for summary judgment is granted.
TELLER, J. CT Page 925
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 926
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 927
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 928
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 929
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 930
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 931
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 932
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 933