## Lenhart *et al. versus* Ream.

1. Land was conveyed in 1846, the grantor being then eighteen years old; in ejectment by the grantor there was evidence that the defendants and those under whom they claimed had held possession under the grant for more than twenty-one years and for more than ten years after the grantor arrived at age. *Held,* that this was evidence for the jury that the defendants had a title under the Statute of Limitations.

2. Improving the land by the defendants was evidence on the question of the character of their possession.

3. Henry v. Carson, 9 P. F. Smith 297; Urban v. Grimes, 2 Grant 96, followed.

May 13th 1873. Before READ, C. J., AGNEW, SHARSWOOD, WILLIAMS and MERCUR, JJ.

Error to the Court of Common Pleas of *Somerset county :* No. 42, to May Term 1873.

This was an action of ejectment brought November 30th 1868, by Jacob Ream against A. J. Lenhart, Huldah Lenhart, John Brooks and Philip Phillippi, for one undivided ninth part of 377 acres of land in Somerset county.

The land was originally owned by John Ream, who in 1829 conveyed it to nine grandchildren, of whom the plaintiff was one.

The plaintiff on the trial before Hall, P. J., September 15th 1871, gave evidence by Samuel W. Ream the father that the plaintiff was born December 20th 1827, that plaintiff had " left this county before he was of age and has never lived here since."

The plaintiff here rested.

The defendants then gave in evidence a deed for the land in dispute, dated February 26th 1846 and recorded August 31st 1846, from the plaintiff and others to Otho Ream and Henry Ream; also deed from Otho Ream to Henry Ream, dated June 9th 1848, and recorded June 26th, for grantor's interest in the same land; also patent to Henry Ream dated April 10th 1849; also deed of assignment for benefit of creditors for land in dispute, Henry Ream to H. L. Holbrook, dated March 18th and recorded March 19th 1852. They gave evidence of conveyance, the deed being mislaid, of the same land, Holbrook to Frederick Blubaugh; deed Blubaugh to William Lenhart for the same land, dated July 13th 1855 : the defendants hold under Lenhart. They gave in evidence, the auditor's report distributing the estate of Henry Ream in the hands of

his assignee, confirmed January 8th 1855, by which it appeared that there were awarded out of Henry Ream's estate to Jacob Ream, $172.12. They gave evidence that W. Lenhart had taken possession of the land seventeeen years previously, and Blubaugh and Henry Ream had been in possession before him.

The defendants offered to prove that Wm. Lenhart and other defendants made valuable improvements upon the land, whereby it became largely enhanced in value upon the faith of a title on its face good, and that the plaintiff for a long period of years remained silent as to his claim when he should have made it known.

The offer was rejected and a bill of exceptions sealed.

The charge of the court was :—

" The court is requested to charge the jury : That Jacob Ream having executed and delivered a deed good on its face, which within the recording period was placed on record, and the title having passed from Henry Ream for full consideration to innocent purchasers for value, the verdict must be for the defendants.

" Negatived, and the jury instructed that under all the evidence in the case, the verdict should be for the plaintiff."

The jury found a verdict for the plaintiff.

The defendants took a writ of error and assigned for error, the rejection of their offer of evidence and the charge of the court.

*A. J. Coffroth* (with whom were *Baer & Baer*), for plaintiffs in error, cited Plumer *v.* Robertson, 6 S. & R. 184 ; Clark *v.* Hackthorn, 3 Yeates 269.

*A. J. Colborn* (with whom was *Kimmel*) for defendants in error, cited Schrader *v.* Decker, 9 Barr 16 ; Urban *v.* Grimes, 2 Grant 96 ; Drake *v.* Ramsay, 5 Hammond 251 ; Cressinger *v.* Welch, 15 Ohio Rep. 183.

The opinion of the court was delivered, July 2d 1873, by

AGNEW, J.—The court below erred in taking this case from the jury. There was evidence of actual possession on part of the defendants of more than twenty-one years under color of title. This ought to have gone to the jury, with a proper instruction. Jacob Ream's deed to his brothers Otho and Henry bears date the 20th of February 1846, and was recorded August 31st 1846. Shortly afterwards, and before he was of age, he left the state and went to Illinois, returning only temporarily once or twice. The title of Otho and Henry Ream vested finally in William Lenhart, under whom the defendants below held. There was evidence tending to show that the possession of the land accompanied and was held under the deed from its date until this suit was brought, which was on the 30th of November 1868, a period of more than twenty-one years.

[Lenhart v. Ream.]

Jacob Ream was born on the 20th December 1827, and therefore became of age on the 20th December 1848. Consequently the ten years given to minors after arrival at full age had no place in the count of time, the twenty-one years from the original entry under the deed having overrun that period. This point was decided in Henry v. Carson, 9 P. F. Smith 297, in a well-considered and carefully-written opinion by our brother Williams. The twenty-one years from the time of the original entry having expired previous to the bringing of the suit, the question of possession ought to have been submitted to the jury under the Statute of Limitations. Otherwise we cannot say that the learned judge committed any error.

On the question of ratification the case seems to be governed by Urban v. Grimes, 2 Grant 96. So far as the offer to prove what improvements had been made by Lenhart related to the question of ratification, we cannot say its rejection was error, for the defendants had given no evidence of ratification by Jacob Ream. But so far as the improvements bear on the character of the possession of the defendants, it would be proper to receive the evidence on the next trial.

Judgment reversed, and a *venire facias de novo* awarded.