## BENJ. P. BEHM ET AL. v. ELMINA MOLLY.

APPEALS BY PLAINTIFFS AND DEFENDANT FROM THE COURT OF COMMON PLEAS OF SCHUYLKILL COUNTY.

Argued February 17, 1890—Decided March 31, 1890.

(a) Plaintiffs in ejectment for parcels Nos. 1, 2, 3 of real estate, claimed title to all as the heirs at law of the sheriff's vendee on execution sales thereof. Defendant claimed the parcels under a resulting trust arising out of her furnishing the purchase money by which the sheriff's titles thereto were obtained by the plaintiffs' intestate.

Statement of Facts.

(b) The defendant relied, also, upon a deed executed to her by all the plaintiffs after the death of their intestate, two of the grantors, however, being at the time of its execution minor children, who on attaining their majority refused to ratify the conveyance, and they with their husbands, after their majority were parties plaintiff with the other heirs at law:

1. In such case, the rights of said two plaintiffs, late minors, were unaffected by the deed put in evidence by the defendant, and upon the testimony relating to the question of the resulting trust, the trial court properly submitted the cause to the jury as to parcel No. 1, and properly directed a verdict for the minor plaintiffs as to parcels Nos. 2 and 3.

2. A letter written by the plaintiffs' intestate when the parcel No. 1 was advertised at sheriff's sale, though not shown to be addressed to defendant, but giving permission for the use of his name in the purchase of the property, was relevant and admissible, in connection with evidence of subsequent declarations made by the writer tending to establish his relation as trustee.

3. And it was not error to refuse an offer by the plaintiffs to prove by one of them that the deed executed by her, more than five years before the action was instituted, was without consideration, and made entirely upon the representation of the defendant as to matters in controversy concerning which the witness then had no knowledge.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, and MITCHELL, JJ.

Nos. 95 July Term 1887 and 356 January Term 1889, Sup. Ct.; court below, No. 761 December Term 1875, C. P.

On November 23, 1875, Benjamin P. Behm, Martha Harding and Geo. Harding, in right of said Martha, his wife, Elmina Yahn and Jacob Yahn, in right of said Elmina, his wife, and Caroline Sherman and L. G. Sherman, in right of said Caroline, his wife, heirs at law of Dr. Samuel Behm, deceased, brought ejectment against Mrs. Elmina Molly, to recover several parcels of real estate known herein as Nos. 1, 2 and 3. Issue, on May 16, 1876.

At the trial on March 25, 1885, the prima facie case of the plaintiffs was shown by sheriff's deeds of the several parcels upon execution sales thereof as the property of Charles Molly, made to Dr. Samuel Behm, plaintiff's intestate, in 1858 and in 1862, from which it was made to appear that all the parcels were so sold and conveyed to Dr. Behm in 1858, one of them, however, being No. 1, subject to a purchase money mortgage to one Heil; and that in 1862, upon a foreclosure sale upon

this mortgage, parcel No. 1 was again sold at sheriff's sale and conveyed by sheriff's deed to Dr. Samuel Behm.

The plaintiffs having rested, the defendant set up title briefly as follows: Elmina Molly, the defendant, was the wife of Charles Molly and the sister of Mrs. Behm, wife of Dr. Behm. Mrs. Molly went into possession of the properties after the sheriff's sales, exercised ownership over them and received the rents and profit thereof. She testified under exception to the plaintiffs,[4] Dr. Samuel Behm having died, that from the moment of his decease the sheriff's deeds were in her possession and had remained there until the trial when she produced them. The foreclosure sale on the Heil mortgage took place on June 7, 1862, but the property was advertised for sale on a prior writ, which was stayed, in September 1861. As some evidence to support the defendant's claim that she had furnished the money for the purchase of this property, as well as the others, although the sheriff's deeds therefor were made to Dr. Behm, the defendant offered in evidence a letter dated September 6, 1861, signed by Samuel Behm and reading as follows:

"Dear Sir: Yours of the 2d instant was received. As regards the store property, the house and the lot, to be up at sheriff's sale, etc. Now, if you intend to buy the property in my name, what disposition can you make in getting funds? With me times are exceedingly hard, and money almost out of the question. If you can buy it, and make arrangements to comply with the conditions, I suppose it will be sold at a low figure; and if you and your friends or partners can arrange matters, you had better buy, if not in his name you may use mine, if I shall have no further trouble in raising funds, and you ought not to let it go for nothing, and judging from former sales, you can at present buy exceedingly low."

Objected to by plaintiffs because not addressed to the defendant; nor does it refer to any arrangement with her; nor is the letter to which it was a reply offered; and it shows on its face that it was but preliminary to any agreement afterwards made, and is therefore irrelevant.

By the court: Letter admitted; exception.[1]

William Phræner, her brother, called by defendant:

Defendant's counsel proposes to prove by this witness that

Dr. Behm frequently visited him at Franklin county; that he had several interviews with him covering a period of time beginning shortly after Molly was sold out, and covering a considerable period of time, and in each of these interviews Dr. Behm informed him that Mrs. Molly was the owner of that property; that he had bought it for her at the sheriff's sale, and that he bought it all in for her, and bought it very low for her; that the times were poor, and the property did not fetch much.

Objected to, as irrelevant and immaterial, and not evidence against the plaintiffs in this case for any purpose; that it is not evidence bearing upon or competent to establish a trust.

By the court: In connection with the other evidence in the case we think it is competent; exception.[2]

The witness's testimony supported the offer.

The defendant also introduced the testimony of George W. Matchin, that there was considerable property of the Phræner estate; that a short time prior to the 1862 sale, Charles Molly and witness drove to Lebanon and made an arrangement with Dr. Behm whereby he was to purchase the property to be sold; that Dr. Behm came and purchased the property and that Mrs. Molly paid the purchase money for the same; that some time after the sheriff's sale, the witness and Charles Molly saw Dr. Behm and asked him to execute the deed to Mrs. Molly for the property, and that Dr. Behm stated that all matters between him and Mrs. Molly had been settled, and agreed to execute the "deed or deeds" in a few days, but that he died in 1863 without having done so.

The defendant put in evidence, also, a deed dated October 18, 1868, executed to her by Maria Behm, widow of Dr. Samuel Behm, deceased, Martha Behm and Elmina Behm, then minor children of said deceased, Benjamin P. Behm, and L. G. Sherman and Caroline Sherman, all the heirs and legal representatives of Samuel Behm, deceased, conveying all the interest of the grantors in parcels Nos. 1, 2 and 3, in pursuance, as was alleged, of the understanding among them that Dr. Behm was not the real owner of the premises, but held the titles in trust for Mrs. Molly, the defendant. Martha Behm, now Harding, and Elmina Behm, now Yahn, refused to ratify this conveyance after they became of age. The defendant also introduced

testimony that Dr. Behm was without the means to purchase the property for himself.

The plaintiffs adduced testimony in rebuttal of the case of the defendant as to her separate estate, and, to affect the validity of the plaintiffs' deed to the defendant, dated October 18, 1868, called Mrs. Caroline Sherman:

Plaintiffs' counsel proposes to prove by Mrs. Sherman that she executed the deed made by herself and husband and others to Elmina Molly, October 18, 1868, offered in evidence by the defendant, without any consideration or promise of consideration; that she did it under the representations of Mrs. Molly that they had difficulty in collecting rents from the tenants and she desired the title conveyed to her; that she never was a resident of Schuylkill county, and that she knew nothing about the relations between her father, Samuel Behm and Mrs. Molly, and that in executing the deed she acted entirely upon the representations of Mrs. Molly.

Defendant's counsel objects that the offer is immaterial as well as irrelevant; that there is nothing stated in the offer to affect the validity of the deed or impeach it; that as the witness has not been in possession, and more than five years have elapsed since the making of this deed, she cannot set up any trust expressed or implied so as to change the legal effect of the deed.

By the court: Objection sustained; offer rejected; exception.[5]

In surrebuttal, the defendant recalled William Phræner and made the following offer:

The witness, Mr. Phræner, having testified that he was one of the administrators with Dr. Behm and Charles Molly of the estate of his father; that at the time of the death of his father there was purchase money due the estate for a piece of land that had been previously sold by the father to some one in Lebanon county; that Dr. Behm collected that money, amounting to some $1,400, and loaned it to Charles Molly and Newcomer; that for the money of the estate so loaned to Molly and Newcomer Dr. Behm took a judgment against them; that Mrs. Molly was one of the heirs; that there were eight in all, and that Mrs. Molly was the owner of three shares in the estate and entitled to three shares. This is offered for the purpose of showing that Dr. Behm was not a creditor of Molly, but that

Statement of Facts.

the estate was, and that in buying this property and appropriating the proceeds to the satisfaction of the judgment, he used the money of the estate in which Mrs. Molly was interested. And for the purpose of showing why it was that in making the conveyance from Dr. Behm to Mrs. Molly, which conveyance has been put in evidence by the defendant here, they put in the sum of $820 as the consideration for this large and valuable property, which sum mentioned in the deeds was actually less than had been bid at the sales that were made prior to the execution of the deed.

Objected to by plaintiffs' counsel, 1. Because if they prove all that they offer to prove, at most it would only be conjecture; that the offer is not definite in stating William Phræner can prove all these facts of his own knowledge. 2. That the offer to prove these facts is but secondary testimony as to the sale of this land, the amount to be paid and who must receive it; that if this was a sale of the decedent's property any time prior to our purchase at the sheriff's sale, there would be record evidence of it, and that evidence should first be submitted and then William Phræner might explain as to any matters pertaining to that sale, and the disposition of the money arising from the sale. 3. That the judgment is in favor of Samuel Behm against Molly and Newcomer, and the evidence here intended to be introduced would contradict the record if this was other money than Samuel Behm's money, or, if it was money that Samuel Behm held as trustee or administrator of the estate of Dr. Phræner, such record would show it.

Defendant's counsel adds to his offer that these facts proposed to be proved were learned by the witness in his intercourse with Dr. Behm as one of the administrators, and by the declarations of Dr. Behm made to him from time to time in connection with their business as joint administrators.

Plaintiff's counsel adds to his objection: 4. That assuming that Dr. Behm loaned the money of the estate of which he was executor, he did so at his own risk, and as he received the proceeds he was individually bound to account to the estate; and, as Dr. Behm has been dead over twenty years, and as the estate of which he was administrator has been settled up probably more than twenty years, to go into a collateral matter by parol evidence where the record in the proper county will show the

Charge of Court below.

full settlement and disposition of the estate of Phræner, deceased, such evidence is irrelevant and immaterial to this case, being a collateral fact, strengthened by the presumption not only of a settlement, but an absolute discharge of Dr. Behm by the statute of limitations, but it is secondary in its character, and incompetent also. 5. That the witness is incompetent to testify to those facts, being interested in the result of this suit; also, that this is not rebuttal testimony.

By the court: evidence admitted; exception.[3]

The court, GREEN, J., under the testimony adduced on both sides, directed the jury to render a verdict in favor of the defendant as against all the plaintiffs except Mrs. Harding and Mrs. Yahn; as to these plaintiffs, submitting the question as to a resulting trust in parcel No. 1 to the jury; but as to parcels Nos. 2 and 3, holding that the evidence was not of sufficient character to be submitted to the jury, directed a verdict in favor of Mrs. Harding and Mrs. Yahn for one sixth interest in those parcels; the points presented by the parties being answered as follows:

The plaintiffs request us to instruct you as follows:

1. That the evidence in the case shows that Samuel Behm was a judgment creditor of Charles Molly. That the real estate of Charles Molly was sold upon executions of other creditors than Samuel Behm, and that Samuel Behm had no execution upon his judgment, which amounted to $1,315.43 with interest from the first of December, 1856, at the time any of the real estate of said Charles Molly was sold by the sheriff. That the evidence shows that what portions of real estate of Charles Molly were purchased by Samuel Behm, was at a sheriff's sale, and that he was the highest bidder.

Answer: This point we affirm.[10]

2. That there is no evidence in this case to show that the real estate of Charles Molly purchased by Samuel Behm in 1858, which includes the three lots in the present suit, was not purchased by Samuel Behm and with his own money, but on the contrary the sheriff's return shows that the proceeds of his purchases were paid in cash into court, amounting to $925, of which afterwards the auditor distributed to the judgment of Samuel Behm $609.96; and there is no evidence in this case to

Charge of Court below.

show that at the time Samuel Behm purchased the three lots in suit, he did so under any promise or agreement to do so for the benefit of the defendant; and as he purchased the three lots in question with his own money, the subsequent declarations of Samuel Behm to William Phræner or to George W. Matchin, are not such clear, precise and indubitable proofs as is required to establish a trust.

Answer: This point we affirm, so far as the same has reference to the purchases made by Dr. Behm in 1858.^e

3. That, if there was any trust created as to the three lots in question, it must have been at the time of the sheriff's sale and when Samuel Behm purchased. And the subsequent declarations of Samuel Behm, that he purchased for the benefit of Mrs. Molly, and, as testified by George W. Matchin, that he understood all the matters between Samuel Behm and Mr. and Mrs. Molly had been settled up and that he, Behm, said he would make out deeds to Mrs. Molly, without designating what property or how they had settled their matters, are too indefinite and doubtful, and insufficient to establish a parol trust in Samuel Behm.

Answer: We affirm this as to the time when the trust must have been created, and affirm the rest of the point as to lots Nos. 2 and 3, as described in the writ, but decline to affirm it as to property No. 1, as sold in 1862.^11 f

4. That the fact that Samuel Behm wrote on September 6, 1861, nine months prior to the sale on the Heil mortgage, which was on June 7, 1862, to some one else than Mrs. Molly, that he did not want to buy the property and raise money to pay for it, without designating what property, and if it was purchased in his name, that third party must raise the purchase money; and also that he declared to Mr. Matchin that he did not wish to or had not the money to buy the lot No. 1 in præcipe; and the fact that Mrs. Molly borrowed a thousand dollars about the time of the sale, as testified to by H. C. Christeson, and that Mrs. Molly and her husband had occupied the premises, are not such clear, explicit and unequivocal evidence as is sufficient to move a court of equity to execute the trust, by decreeing a conveyance to Mrs. Molly; and this evidence should be withdrawn from the jury.

Answer: This point we decline.^12

Charge of Court below.

5. That there is not sufficient evidence to submit to the jury, that Elmina Molly paid the purchase money for the purchase of the lot and premises described as No. 1 in the præcipe, at the sheriff's sale in 1862 under the mortgage given to Henry Heil; that in order to establish a resulting trust in Samuel Behm, the defendant must prove by clear, explicit and unequivocal evidence that she paid the purchase money to the sheriff.

Answer: This point we decline to affirm. Even though the law be as stated in this point, we think there is sufficient evidence to submit to the jury.[13]

7. That the alleged parol trust set up by the defence is, that Samuel Behm agreed to buy in the title to the lots in controversy and hold the title in trust for Mrs Molly; that the property was purchased by the said Samuel Behm at a sheriff's sale; such a trust rests upon an express contract, and is within the act of April 22, 1856, which requires such trust to be witnessed by written evidence, and hence the parol trust is void under that statute.

Answer: This point we decline to affirm. The uncontradicted evidence shows a continuous possession of the property in dispute, under a claim of title in the defendant, and this would prevent the running of the statute.[14]

8. That if Samuel Behm was a judgment creditor of Charles Molly in 1857, and purchased Charles Molly's interest at the sheriff's sale in 1858, and that the testimony offered to establish a trust was made in 1862 about only one property, viz.: No. 1 in the præcipe, and there being the entire absence of any such evidence as tends to establish a parol trust as to properties Nos. 2 and 3 in the præcipe, then the verdict must be for the plaintiffs as to the interest of Charles Molly in two properties, viz.: Nos. 2 and 3 in the præcipe.

Answer: We affirm this point as to properties Nos. 2 and 3, with this qualification, that as two out of the four heirs of Dr. Behm have conveyed their interest in the property in dispute to Mrs. Molly, the verdict as to that interest must be in favor of the defendant. This would leave an undivided one sixth interest in lots Nos. 2 and 3 in Martha Harding and Elmina Yahn, the other two children of Dr. Behm.[g]

9. That if Samuel Behm was a judgment creditor of Charles Molly in 1857 and purchased Charles Molly's interest at the

### Charge of Court below.

sheriff's sale in 1858, and that the testimony offered to establish a trust was made in 1862 about only one property, viz. : No. 1 in the præcipe, and there being the entire absence of any such evidence as tends to establish a parol trust as to the properties Nos. 2 and 3 in the præcipe, then there must be a verdict for Martha Harding and husband and Elmina Yahn and husband as to the proportional interest of Charles Molly in the two properties, viz. : Nos. 2 and 3 in the præcipe, they, the said Martha Harding and Elmina Yahn, not being bound by their signatures in a deed in 1868 while they were infants in law, and having refused to ratify their act after they arrived of competent age.

Answer: This point we affirm. [h]

The defendant has requested us to instruct you as follows :

3. That if the jury believe from the testimony that the properties in dispute were purchased from the sheriff by Dr. Behm with the money of Mrs. Molly, such a purchase raised a resulting trust in favor of Mrs. Molly, and the equitable title to the properties in question vested immediately in Mrs. Molly, and the verdict must be for the defendant.

Answer : The law is correctly stated in this point, but, as we have already said in answer to plaintiffs, we think there is not sufficient evidence to submit to you whether Mrs. Molly paid the purchase money of the properties purchased at the sheriff's sales of 1858. [a]

4. That if the jury believe Mrs. Molly to have had possession of all the sheriff's deeds for properties in dispute from a point of time immediately after death of Dr. Behm, this coupled with the undisputed fact of the continuous possession of Mrs. Molly from time of sale, under claim of title and payment of taxes by her, together with evidence of declarations by Dr. Behm, furnishes evidence upon which the jury may find a resulting trust in favor of Mrs. Molly, and if the jury so find, defendant is entitled to verdict.

Answer : This point we decline to affirm. [b]

5. If the jury believe from the evidence in the case that Dr. Behm bought the lots in suit at sheriff's sale and paid the bid with the money of Mrs. Molly, such purchase raised a resulting trust in Mrs. Molly and vested in her a title in equity to the property, which title would be a valid defence to the

Charge of Court below.

claim of the plaintiffs in this suit; that upon the death of Dr. Behm the bare legal title held by him descended to Benjamin Behm his eldest son, and by the conveyance of Benjamin Behm in evidence both the legal and equitable title vested in Mrs. Molly, and the verdict should be for the defendant.

Answer: We think this is the law as applicable to lot No. 1, described in the præcipe, but as to lots Nos. 2 and 3, we say there is not sufficient evidence that Dr. Behm paid for them with the money of Mrs. Molly; and therefore we say that as to properties Nos. 2 and 3 the verdict must be for two of the plaintiffs, to wit, Mrs. Martha Harding and Elmina Yahn, to the extent of an undivided one sixth interest. [c]

6. That if the jury believe that the judgment of Samuel Behm v. Molly and Newcomer was the moneys and property of the estate of Dr. Phræner, and that Dr. Behm purchased the property under the writ offered in evidence, under which he receipted for the amount of that judgment, and took title to premises in dispute in order to protect the estate, such action on his part raised a resulting trust in favor of the heirs of said estate of Benjamin Phræner, and as plaintiffs are not heirs of said Benjamin Phræner they can claim no interest in the property, and the verdict of the jury must be for defendant.

Answer: We think the law is well stated in this point, but we also think that the evidence in the case does not show clearly, explicitly and unequivocally, that Dr. Behm purchased the property in dispute with the moneys of the estate, or that he took title to the premises in dispute in order to protect the estate of Dr. Phræner, and therefore there is not sufficient evidence to raise a resulting trust in Dr. Behm, and the point is for this reason declined. [d]

The jury returned a verdict in favor of the defendant for the premises described in the writ, with the exception of the undivided one sixth of parcels Nos. 2 and 3, for which they found in favor of Martha Harding and George Harding, her husband, in right of said Martha, and Elmina Yahn and Jacob Yahn, her husband, in right of said Elmina. Judgment having been entered,

The defendant took the appeal to No. 95 July Term 1887, assigning for error:

Opinions of the Court.

1–4. The answers to the defendant's points.[a to d]

5–8. The answers to the plaintiffs' points.[e to h]

9, 10. Portions of the general charge to the jury.

The plaintiffs took the appeal to No. 356 January Term 1889, assigning for error:

1–4. The admission of defendant's offers.[1 to 4]

5. The refusal of the plaintiffs' offer.[5]

6–9. Portions of the general charge to the jury.

10–14. The answers to the plaintiffs' points.[10 to 14]

*Mr. Wm. Wilhelm* and *Mr. James Ryon*, for the plaintiffs appellant.

Counsel cited: Perry on Trusts, § 124; Edwards v. Edwards, 39 Pa. 369; McBarron v. Glass, 30 Pa. 133; Nixon's App., 63 Pa. 279; Blyholder v. Gilson, 18 Pa. 134; O'Hara v. Dilworth, 72 Pa. 397; Kisler v. Kisler, 2 W. 323; Sidle v. Walters, 5 W. 391; Sample v. Coulson, 9 W. & S. 62; Plumer v. Guthrie, 76 Pa. 441; Sower v. Weaver, 78 Pa. 443; Lloyd v. Lynch, 28 Pa. 423.

*Mr. G. H. Gerber* and *Mr. J. W. Ryon*, for the defendant appellant.

Counsel cited: Beck v. Uhrich, 13 Pa. 636; Perry on Trusts, § 127; Church v. Ruland, 64 Pa. 432; Lloyd v. Carter, 17 Pa. 216; Spencer v. Colt, 89 Pa. 314; Hart v. Carroll, 85 Pa. 508.

NO. 356 JANUARY TERM 1889.

OPINION, MR. JUSTICE STERRETT:

This action of ejectment was brought to recover possession of several parcels of land, designated Nos. 1, 2, and 3, which were sold and conveyed by the sheriff to Dr. Samuel Behm in 1858. Lot No. 1 was then sold subject to a mortgage, which was afterwards foreclosed, and under that proceeding it was again sold in June, 1862, and conveyed to Dr. Behm. In February, 1863, Dr. Behm died intestate, leaving to survive him a widow, Maria Behm, and four children, one son and three daughters, who are the beneficial plaintiffs in this action. Both parties claim under the defendants in the executions on which said sales were made.

Starting with the common source of title, the plaintiffs made

out a prima facie case by giving in evidence the several judgments and executions on which the different parcels were respectively sold, and the sheriff's deeds therefor to their father, etc. To rebut the case thus presented by the plaintiffs, the defendant, Mrs. Molly, alleged and undertook to prove that the several purchases by her brother-in-law, Dr. Behm, at the sheriff's sales in 1858 and 1862, were made with her funds and for her benefit. As to the purchases in 1858, the evidence was wholly insufficient to warrant any such finding; but, as to the re-purchase of lot No. 1, under the foreclosure proceedings in 1862, the evidence tended to show that the consideration money was furnished by Mrs. Molly, and the purchase made for her. It is unnecessary to refer in detail to the evidence bearing on that subject. It was quite sufficient to go to the jury, and it was fairly submitted to them, under well-guarded and adequate instructions.

The defendant also gave in evidence a deed to herself for the several lots in controversy, dated October 18, 1868, and executed by Maria Behm, widow of Dr. Behm, Martha Behm and Elmina Behm, (both minors,) Benjamin Behm, L. G. Sherman and Caroline M. Sherman, late Caroline M. Behm, being all the children and heirs at law of said deceased, Dr. Behm. The deed was never acknowledged by the two minor daughters above named, and was not acknowledged by Mrs. Sherman until May 10, 1870. As to the two daughters who signed the deed before they attained their majority, the learned judge rightly held that they were not bound by the conveyance; but, as to Benjamin Behm and his sister, Mrs. Sherman, who were of full age when they executed the deed, he held that they were bound thereby, and hence neither of them could recover. In that he was clearly right. There was no evidence either introduced or offered that would have justified any other conclusion.

The practical result of the several rulings above referred to was to leave nothing for the consideration of the jury except the alleged equitable title of Mrs. Molly to premises No. 1, resulting, as was claimed, from the fact that she furnished the purchase money that was paid therefor at the sheriff's sale in 1862. The evidence bearing on that question was very fully and fairly presented and submitted to the jury, under proper

instructions as to the law applicable thereto.   On that question
they found for the defendant, and accordingly rendered a ver-
dict in her favor for the land described in the writ, with the
exception of the undivided one sixth part of premises Nos. 2
and 3, for which they found in favor of Martha Harding, for-
merly Martha Behm, and Elmina Yahn, formerly Elmina Behm,
two of the plaintiffs.

There was no error in admitting the evidence referred to in
the first four specifications.   It was all competent and relevant.
In connection with other evidence in the case, it had a bearing
on the question whether the purchase money paid at the sale
in 1862 was not furnished by Mrs. Molly, the defendant.
Standing alone, the letter of Dr. Behm, September 6, 1861,
would be irrelevant ; but, when considered in connection with
other evidence in the case it was properly admitted.   The offer
covered by the fifth specification was rightly rejected.   The
proposed evidence was incompetent for the purpose for which
it was offered.   It had no legitimate tendency to invalidate
the deed executed by the witness, Mrs. Sherman.   The sixth
to ninth specifications, complaining of portions of the general
charge recited therein, are not sustained.   The charge, as a
whole, is a very full, clear, and adequate presentation of the
case, and the law applicable thereto.   The tenth to fourteenth
specifications, inclusive, relate to the refusal of the learned
judge to affirm the points therein recited.   An examination of
those points has satisfied us that they were correctly answered.
The case was very carefully and ably tried, and there appears
to be nothing in the record that requires a reversal of the judg-
ment.

Judgment affirmed.

NO. 95 JULY TERM, 1887.

OPINION, MR. JUSTICE STERRETT :

The rulings of the court below were quite as favorable to
the plaintiff in error as she had any just reason to expect.   The
verdict was in her favor for all the land in controversy except
the one undivided sixth of premises Nos. 2 and 3, as to which
the jury found in favor of Mrs. Harding and Mrs. Yahn, two
of the plaintiffs below.   The only ground of defence that was
urged against their claim to that undivided interest in those

premises, was that plaintiff in error furnished the money that was used to pay for the property in question at the sheriff's sale in 1858; but the evidence was wholly insufficient to warrant the jury in finding that the property was purchased for her, or that she furnished the money to pay for the same, and the learned judge rightly instructed them to that effect. In that he was clearly right. On the other hand, the plaintiffs below had a prima facie legal title, evidenced by the sheriff's deed to their father, Dr. Behm. In addition to that, the evidence was clear and convincing that the property purchased at that sale by Dr. Behm was paid for by himself, and with his own funds. It is true that plaintiff in error gave in evidence a deed to herself, from the children and heirs at law of Dr. Behm, for the land in controversy; but, at the time that deed was executed, Mrs. Harding and Mrs. Yahn, two of the heirs, were minors, and therefore not bound by the conveyance.

It is unnecessary to notice the several specifications of error in detail. There is no merit in either of them. The case was well and ably tried, and we fail to find anything in the record that would justify a reversal of the judgment.

Judgment affirmed.