## Dolph *v.* Hand et al., Ex'rs, Appellants.

[Marked to be reported.]

*Deed—Infant—Affirmance—Waiver—Estoppel.*

An infant who executes a deed during his minority, may upon coming of age disaffirm it, but he must exercise this right within a reasonable time, and if, with full knowledge of his privilege, he omits or neglects to assert it, his omission may be regarded as equivalent to an act of affirmance, and as amounting in fact and in law to ratification.

A boy executed a deed when he was about seventeen years of age. In the acknowledgment clause it was stated that he agreed "to ratify the same when he shall become of full age." He did not ratify the deed when he became of age, but fifteen years after his majority brought ejectment for the land It appeared that during this period he retained the

purchase money with the fullest knowledge of the voidable character of the deed, of his own right to disaffirm, of the occupation of the land by lessees, of the erection of improvements thereon, and of the steady enhancement in value of the land by reason of the development of the region in which it was situated. It also appeared that during the whole period the land was in full view from his house, or was passed by him in going to and returning from his work. *Held*, that he was not entitled to disaffirm his deed, or recover the land, after such a lapse of time and under such circumstances.

Argued Feb. 23, 1893. Appeal, No. 131, Jan. T., 1893, by defendants, Isaac P. Hand et al., ex'rs of Edward Dolph, deceased, from judgment of C. P. Lackawanna Co., Nov. T., 1888, No. 208, on verdict for plaintiff, James M. Dolph. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.

Ejectment for undivided one fortieth interest in land.

At the trial, it appeared that plaintiff's title was derived by inheritance from his father. Defendants proved that plaintiff joined his mother, brothers and sisters in a conveyance of the land in dispute to Edward Dolph on Dec. 29, 1869, for the consideration of $1,600, which was duly acknowledged on the same day, and recorded April 29, 1872. The acknowledgment contained the following clause : " And the said James M. Dolph, being a minor, acts with his own will and accord, and agrees to ratify the same when he shall become of full age." Plaintiff was born in August, 1852, and was, therefore, seventeen years of age when the deed was made, and thirty-six when he brought suit.

Defendant offered evidence which tended to show that plaintiff lived within half a mile of the land almost continuously until he brought suit ; that he worked in the neighborhood, passing and repassing over the land in going to and from his work for a number of years ; that defendant, by his tenants, built a coal-breaker and ice-house on the land in 1879 and 1880, and the breaker was used until worn out and replaced by a new one in 1884–5 ; that plaintiff habitually purchased coal which was dug from the land and prepared through the breaker from Nov. 25, 1880, to April 20, 1882, on at least ten different occasions ; and that he came on the property near the breaker to order the coal at least once.

The court charged in part as follows :

" [While I am asked by counsel for the defendant to charge you, as a matter of law, that the purchase of coal, with the knowledge that it was being mined from these premises by the parties in possession, would be a confirmation and a ratification of this deed, I do not think so : I think it is a question of fact for the jury to determine whether James intended by his conduct there to ratify and confirm the deed. If he intended to do so, why that was a ratification of it, and the fact that he acquiesced and was silent, and went there and bought coal, is corroborative of the theory that the purchase money had been paid to him."] [6]

Defendant's points were among others as follows :

" 5. The declaration made in the acknowledgment, ' and the said James Dolph being a minor acts with his own free will and accord and agrees to ratify the same when he shall have become of full age,' shows that the plaintiff, James M. Dolph, knew that he could affirm or disaffirm the deed on arriving at the age of 21 years, and that knowledge created the duty to speak when he saw valuable improvements being made, and his silence is enough to estop. *Answer :* I decline to affirm that proposition. I do not think that under such a state of facts the plaintiff would be estopped ; he might be estopped by his conduct." [1]

" 6. That under the undisputed evidence the plaintiff purchased and paid, at different times, (in the years 1881 and 1882, eight years after he arrived at full age,) the coal mined from the land in dispute, and that such purchase amounts as a matter of law to an affirmance of his deed made while a minor, and therefore the verdict must be for the defendant. *Answer :* I decline to affirm this proposition, because it asks me to state, as a matter of law, that the purchase of coal was an affirmance of the deed. It is a question of fact for you to determine whether that conduct was in affirmance of the deed." [2]

" 7. That if the jury believe the testimony of the witnesses for the defendant, that James M. Dolph, the plaintiff, knew of the expenditure of considerable sums of money for improvements by Edward Dolph, or his tenant, on the property of which he now claims an undivided interest, and that he made no objection thereto, the jury may infer that the said James M.

Dolph ratified and confirmed the deed made by him before he was of age, and, if they so find, the verdict should be for the defendants. *Answer :* I decline to affirm that proposition. You have the right to consider his silence, during all this time while this thing was being done, in the light of his conduct of having recognized the right of the party in possession to sell coal. He went there and purchased coal. It is a question for you to determine whether that was a recognition of the right to the land and the premises, and a confirmation of his act. Of course if you should find, as I said before, that he induced Mr. Dolph or Mr. Tinsley, the party in possession there as tenant under Mr. Dolph, to believe that he ratified and affirmed the deed, then it was his duty to make known, if he desired to reassert his claim. If they put up the breaker then upon the strength of that belief, were honestly of that opinion and belief, and they put up a breaker on the strength of that, induced by the conduct of James M. Dolph, then James M. Dolph would be estopped through his conduct and his silence." [3]

" 8. That if the jury find that the plaintiff, James M. Dolph, remained silent, with the knowledge of expenditures being made by the parties in possession of the property of which he now claims a part, it is sufficient to create an estoppel, and the verdict should be for the defendants. *Answer :* Mere silence would not be sufficient to create an estoppel, but if he created the belief, reasonably created the belief, by his conduct, in the mind of Mr. Dolph or his tenant, that he had ratified the contract, then he would be estopped by his conduct and silence,—it would have been his duty to have made it known." [4]

10. Request for binding instructions. Refused. [5]

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1–6) instructions, quoting them.

*H. W. Palmer* and *Charles H. Welles,* for appellants.—The law is well settled in this state that the title to land passes by the deed of an infant grantor, and remains in the grantee until some clear act of disaffirmance is done by the grantor after coming of age: Irvine v. Irvine, 9 Wall. 618; Logan v. Gardner, 136 Pa. 588.

Certainly we were entitled to the instruction that, if plain-

tiff saw the improvements going up on the property, he was bound to object, if he claimed any interest in the land : Herman on Estoppel, § 632 ; Logan v. Gardner, 136 Pa. 588.

If plaintiff had received purchase money after he became of age, the law would not allow him to recover the land : Ferguson v. Bells, 17 Mo. 347 ; Heighley v. Brown, 49 Mo. 103 ; Craig v. Van Bipler, 18 Am. St. R. 715 ; Myer's Ap., 16 W. N. 137. If he had received rent under a void lease after majority, it was ratification and confirmation and beyond his power to deny : Myer's Ap., 16 W. N. 137. If he took a lease of part of the land he could not assert title to the remainder. If, after a void partition of land he took the proceeds of his allotment, he could not deny the validity of the partition : Coke on Littleton, 171 b ; Johnson v. Furnier, 69 Pa. 449.

Mere acquiescence or silence affords a conclusive presumption of ratification, if it be susceptible of such an interpretation : Lawson v. Lovejoy, 8 Me. 405 ; Goode v. Harrison, 5 B. & Ald. 147 ; Richardson v. Bought, 9 Vt. 368.

The act of purchasing coal mined on this land through two years of time was certainly as substantial a recognition of the fact that he was content with his sale, and did not mean to disaffirm, as any of the acts quoted above, which have been held to work an estoppel as matter of law.

Where an infant has sold land, and after coming of age saw the purchaser making large expenditures in valuable improvements upon the land sold, and said nothing in disaffirmance for four years, it was held that the circumstances were not such as to excuse this long silence : Wheaton v. East, 5 Yeager, 41 ; Wallace's Lessee v. Lewis, 4 Harrington, 75 ; Irvine v. Irvine, 9 Wall. 629.

*W. W. Lathrope*, *S. B. Price* with him, for appellee.—Plaintiff is not estopped from setting up his title, because he failed to assert it while two small coal breakers (one replacing the other) were in process of erection on the land of which he claims an undivided fortieth.

If the truth be known to both parties, or if they have equal means of knowledge, there can be no estoppel : Hill v. Epley, 31 Pa. 331.

Equity will not, on the mere ground of silence, relieve one

who is perfectly acquainted with his rights or has the means of becoming so : Crest v. Jack, 3 Watts, 238; Knouff v. Thompson, 16 Pa. 364; Com. v. Moltz, 10 Pa. 531; Woods v. Wilson, 37 Pa. 379; Wright's Ap., 99 Pa. 425; Alexander v. Ker, 2 Rawle, 90.

Logan v. Gardner, 136 Pa. 588, which is the main reliance of appellants, disturbs none of the above cited cases. There is nothing whatever in that case as reported to indicate that the minor's vendee, or the party making the improvements, had any knowledge that the vendor was a minor when she executed her deed. The minor grantor was not a girl, but a married woman between twenty and twenty-one years of age. That case is therefore materially different from the present one.

A declaration admitting title in another will not estop the declarant, if the other party is not thereby misled to his injury · McKnight v. Bill, 135 Pa. 359.

An estoppel in equity arises from some act or declaration of one party by which the injury to the other party has been caused or at least attempted : Ayres v. Wattson, 57 Pa. 360 ; Bitting & Waterman's Ap., 17 Pa. 211.

Where one tenant in common operates a slate quarry, the compensation to which his cotenant is entitled is to be measured by the royalty or slate leave at which the quarry could have been let: Fulmer's Ap., 128 Pa. 24.

The purchase by plaintiff of a few loads of coal mined from the land in dispute, after he was of full age, did not amount as a matter of law to an affirmance of his deed made while a minor : Irvine v. Irvine, 9 Wall. 628.

OPINION BY MR. JUSTICE WILLIAMS, July 19, 1893 :

This case presents an interesting question upon a state of facts that I do not remember to have met with in any decided case. The facts are fortunately free from controversy, so that their legal effect is the only question to be determined. It appears from an examination of the evidence that Alexander Dolph was at the time of his death, in 1860, the owner of a tract of land lying in what is now Lackawanna county, containing seventy acres. He died intestate leaving eight children to survive him. Edward, one of his sons, administered

on the estate.   In 1864, before the final settlement of the estate, Alfred, another son, died, leaving five children surviving, of whom the plaintiff in this action is one.   Some years later Edward undertook to unite in himself the shares of all the heirs at law of his father in this tract of land, by purchase.   He agreed upon terms with all his brothers and sisters, and with the heirs at law of his deceased brother Alfred.   He paid sixteen hundred dollars for Alfred's undivided one eighth part, which was then held by his five children.   A deed was made to him in which they joined, James M. Dolph, the plaintiff, being at the time under the age of twenty one-years.   This deed was acknowledged and delivered on the twenty-ninth day of December, 1869.   The justice of the peace who took the acknowledgment of the several grantors incorporated into his certificate the following statement in regard to James : " the said James M. Dolph, being a minor, acts with his own will and accord, and agrees to ratify the same when he shall become of full age."   James was at the time between seventeen and eighteen years of age, and reached his majority in August, 1874. This suit was brought to the November term, 1888, without any notice or act of disaffirmance.   Upon these conceded facts ought the plaintiff to recover ?

Whatever may have been held in earlier times, or in other jurisdictions, in regard to sales and conveyances by a minor, we understand the fair effect of our own cases to be as follows : The deed of James M. Dolph, executed in his minority, did not bind him if, upon coming of age, he decided to disaffirm it. He could affirm or disaffirm at the proper time.   His deed was therefore not void, but voidable ; and the right to avoid it was personal to himself.   This right ought in justice to all the parties, and as a matter of public policy, to be exercised within a reasonable time or be treated as lost by waiver.   If one who has this right to elect does not exercise it within a reasonable time, but with full knowledge of his privilege, omits or neglects to assert it, his omission may fairly be regarded as the equivalent of an act of affirmance, and as amounting in fact and in law to ratification.   Our cases hold that a voidable deed may be ratified in many ways.   It may be done by express words, as by a deed of ratification, a release, a declaration made to one about to become a purchaser, or the like.   It may be done by implication

from the acts or declarations of the grantor, showing a recognition in fact by him of the validity of the title, and an acquiescence in his previous act of conveyance.   It may be done by a neglect to disaffirm, continued for such a length of time, and under such circumstances, as to make it inequitable for him to be allowed to disturb the title.   The defendant in this case does not allege an express ratification, but concedes that no such ratification has been made.   He sets up no such acts or declarations relating to the land or the title thereto as might be equivalent to an express ratification.   What he asserts is that the voidable deed has been ratified by an implication fairly arising from the conduct of the grantor, extending through such a length of time, and having such an unequivocal significance, as to make it as effectual as express words could be.   The circumstances relied on to support this contention may be stated thus :  (a) Knowledge on the part of the grantor that his deed was voidable and could be affirmed or disaffirmed on reaching full age ;  (b) continued residence near, and most of the time in full view of, the property and the improvements made upon it; (c) his knowledge of the use of the tract for mining purposes during all these years, and of the erection of coal-breakers and other improvements thereon by owners and lessees; (d) his failure to disaffirm when he knew his right to do so fully vested on his arrival at full age ; (e) the continued omission for fifteen years after coming of age, with a full knowledge of all the circumstances affecting the property, to assert his right to disaffirm.

The case of Grimes v. Urban, 2 Grant, 96, comes nearer to this upon its facts than any case in our reports.   In that case there had been a conveyance during the minority of the grantor and a delay for fourteen years to disaffirm ; and it was held upon the facts of that case that the delay did not amount to an affirmance.   The authority of Grimes v. Urban was recognized in Lenhart v. Ream, 74 Pa. 59, but the case went off on another question raised under the statute of limitations.   Soullier v. Kern, 69 Pa. 16, which was cited on the argument, did not involve a question of ratification.   The title of the minor was saved in that case by the proviso to the act of April 16, 1840, P. L. 413, which made the sale of the property of the minor for taxes irregular and ineffectual.   What shall amount

to a ratification of a voidable instrument generally is a question that has arisen quite frequently. Thus it has been held that the receipt of rent falling due upon a lease which the minor might have avoided, when done with knowledge of the character of the lease, is sufficient to work a ratification of the lease. Myers v. Kingston Coal Co., 126 Pa. 582. But such an act will not operate as a ratification, unless it is done with a knowledge of the instrument that may be affected by it : Zoebisch v. Rausch, 133 Pa. 532. Nor will ratification be implied from mere lapse of time, against an express refusal to ratify : Molly v. Behm, 133 Pa. 614. The retention of a house or other article purchased by an agent amounts to a ratification of the unauthorized purchase, on the part of the principal. Taking possession, and occupying, is a ratification of the act of an agent in buying or leasing property. Retention of the purchase money for an article sold by another is a ratification of the act of sale. In the case of an infant vendor, if the consideration remains in his hands when he comes of age, and he afterwards uses or parts with it, this will ordinarily amount to a binding ratification of the sale by him. But when the consideration remains in his hands after coming of age, having been used by him, it seems to be agreed on all sides that one entitled to avoid his deed should make and signify his election within a reasonable time, or the omission so to do may operate as an affirmance. The difficulty has been with the application of the rule, and the question, " What is a reasonable time ? " has received different answers in different jurisdictions. In Illinois two years seems to be regarded as the proper limit of a " reasonable time." In Iowa three years and eight months have been held to be unreasonable delay : 59 Iowa, 679. In Connecticut thirteen years was held to be unreasonable : 6 Conn. 494. In Urban v. Grimes, supra, this court held that fourteen years was not unreasonable. In this case we have a still longer period of delay, accompanied by retention of the purchase money, with the fullest knowledge of the voidable character of the deed, of his own right to disaffirm, of the occupation of the land by lessees, of the erection of improvements thereon, and of the steady enhancement in value of the land by reason of the development of the region in which it was. All these considerations were brought daily before him by the circumstance that the land

was in full view from his house, or was passed by him in going to and returning from his work, for more than eighteen years after the making of the deed, and for fifteen years after he came of full age.

We shall not disturb Grimes v. Urban, but we are not willing to extend the rule there laid down.   On the other hand, when the length of the delay in this case is considered in connection with the circumstances to which we have adverted, we conclude that it is unreasonable and that it should be regarded as amounting to a waiver of the right to disaffirm, and therefore the equivalent of an express ratification.   It is inequitable to permit one to wait for fifteen years, with a full knowledge of his rights, and allow him then to disaffirm, when the altered situation of the property and the region in which it is located are so evidently the inducement.   Great vigilance in the right to disaffirm, ought not to be required of one coming up out of disability.   Reasonable opportunity should be given for such an one to become familiar with his situation and his rights.   The rule in Grimes v. Urban carries this doctrine of a reasonable opportunity to a great length, beyond which we are not willing to go.

The judgment is reversed.