### O'ROURKE v. HALL et al.

(Supreme Court, Appellate Division, Second Department. March 7, 1899.)

1. NECESSITY OF BRINGING IN PROPER PARTIES—PREJUDICE.

Code Civ. Proc. § 452, provides that the court may determine the controversy as between the parties before it, where it can do so without prejudice to the rights of others, or by saving their rights; but, where a complete determination of the controversy cannot be had without the presence of other parties, the court must direct them to be brought in. *Held*, that where an action was brought by one of three heirs to set aside a deed of the ancestor, and a judgment was rendered annulling the deed, and declaring plaintiff to be the owner of an undivided one-third of the premises, defendant could not complain that the other two heirs were not joined as parties.

2. INFANTS—DEEDS—RATIFICATION—WHAT CONSTITUTES.

An infant who makes a deed for a nominal consideration does not ratify it merely by acquiescing in it for 14 months after he becomes of age.

3. SAME—RIGHTS OF HEIRS.

Where an infant makes a deed, and dies, after becoming of age, without affirming the contract, his heirs may avoid it.

Appeal from special term, Kings county.

Action by Margaret O'Rourke against Hannah Hall, impleaded with others. From a judgment declaring certain deeds null and void, and adjudging plaintiff to be the owner in fee of one undivided one-third of the premises, defendant Hall appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Wilbur L. Ball, for appellant.
Charles A. Webber, for respondent.

WOODWARD, J. There appears to be no good reason why the judgment in this action should be disturbed. One Ellen Hall died intestate in June, 1883, and at the time of her death was seised in fee simple of the property now claimed by the parties in this suit. She left, her surviving, a husband, John Hall, and two children, William and Joseph; the two latter inheriting the property, subject to the life estate of their father. On the 19th of January, 1889, while William was 20 years and 8 months old, and his brother was 14 years and 4 months of age, these young men executed a quitclaim deed to their father of the property. The father immediately conveyed the premises to a third party, who in turn conveyed it to John Hall and Hannah Hall, his wife, the father having remarried. The defendant Hannah Hall is the widow of John Hall, who claims the property as surviving tenant by the entirety. William Hall died intestate, and unmarried, on the 12th of July, 1890, being at that time 22 years and

2 months old, and Joseph Hall died in February, 1894, without reaching his majority. The plaintiff is a sister of Ellen Hall, deceased, and claims the property as heir of her nephews William and Joseph Hall, the infants. The evidence shows that the plaintiff has two brothers of full age now living, and it is urged on the part of the defendant Hannah Hall that these persons were necessary to the determination of the controversy, under the provisions of section 452 of the Code of Civil Procedure; but we are unable to see that the absence of these parties, conceding that they should have been brought in, has in any manner prejudiced the rights of the appellant. All the rights of the parties who were not brought into the action are fully preserved by the judgment. The plaintiff is declared to be the owner of a one undivided third of the estate, while the deeds to the appellant are declared null and void. This clearly leaves the two brothers in a position to assert their rights in the premises as heirs of the nephews, and this is all that the Code of Civil Procedure contemplates in the section under consideration. It is only where a complete determination of the controversy cannot be had without the presence of other parties that the court may direct them to be brought in; and it does not appear that there was any controversy which could not be adjusted without the presence of the plaintiff's brothers. The real controversy was between the appellant and the plaintiff to determine whether the title of the appellant was good. If it was not, then the plaintiff was entitled to her portion of the premises as heir to her nephews. This fact could be determined just as well without the plaintiff's brothers as with them, and all of their rights were preserved by the judgment determining what portion of the property belonged to the plaintiff, after it was adjudged that the appellant had no legal title.

The important question determined was that the deeds under which the appellant claims were void, and in this determination the trial court is fully sustained by the authorities. While it is true that deeds or contracts by minors are not void, but merely voidable, courts of equity are disposed to regard with great jealousy contracts in favor of parents and against the interests of children (Story, Eq. Jur. §§ 239, 240), and it follows that there should be a reasonable opportunity for the minor to avoid his deeds and contracts made under the circumstances of this case. The quitclaim deed was jointly executed by the brothers, and William, the older of the two, died before the younger one became of age. Indeed, Joseph never reached his majority, while William, at the time of his death, was only 22 years and 2 months old; and there is no evidence that he at any time gave, by word or deed, any intimation of any intention to ratify his action in giving the quitclaim deed. Beach, Mod. Cont. § 1352, lays down the rule that:

"In the absence of an express ratification, it must be shown that the infant, after becoming of age, has accepted the fruits of the unauthorized act, or in some way benefited by it. Acquiescence is not sufficient."

In the case of Green v. Green, 69 N. Y. 553, the father had purchased of his son a certain piece of property, paying him $400 therefor. The son spent the money. Three years after becoming of age, he disaf-

firmed the deed, and entered again into possession of the property. The father brought an action for trespass. It was urged upon the court that the son could not repossess himself of the property without repayment of the sum which had been advanced, and that his neglect in not previously asserting his rights was to be construed as an affirmance of his contract after arriving at his majority. The court say:

"A person purchasing real estate of an infant, knowing the fact, and especially the father, must and ought to take the risk of the avoidance of the contract by the infant after arriving at maturity. The right to rescind is a legal right, established for the protection of the infant; and to make it dependent upon performing an impossibility, which impossibility has resulted from acts which the law presumes him incapable of performing, would tend to impair the right, and withdraw the protection. Both upon authority and principle we think a restoration of the consideration could not be exacted as a condition to a rescission on the part of the defendant. Mere acquiescence for three years after arriving at age, without any affirmative act, was not a ratification." Jackson v. Staats, 11 Johns. 339; Same v. Burchin, 14 Johns. 124; Boody v. McKenney, 23 Me. 517.

In the case at bar the oldest son had only passed his twenty-first birthday fourteen months, while the youngest son, who jointly executed the quitclaim deed, was still a minor; and it is not pretended that there was anything more than a nominal consideration, while the whole transaction carries upon its face the evidence of having been designed to transfer the property left by the mother for the benefit of her children to the husband and his newly-found wife, without any regard to the welfare of those for whom it was intended. "The courts will always grant an infant relief where the other party has been guilty of fraud or undue influence." Johnson v. Insurance Co., 56 Minn. 365, 57 N. W. 934, and 59 N. W. 992.

In Dolph v. Hand, 156 Pa. St. 91, 27 Atl. 114, the court say:

"In Illinois two years seems to be regarded as the proper limit of a 'reasonable time.' In Iowa three years and eight months have been held to be unreasonable delay. 59 Iowa, 679. In Connecticut thirteen years was held to be unreasonable. In Urban v. Grimes, 2 Grant, Cas. 96, this court held that fourteen years was not unreasonable."

It refused, however, to say that in the case then under consideration 18 years was not unreasonable.

In Eagan v. Scully, 29 App. Div. 617, 51 N. Y. Supp. 680, it was held that a daughter who had conveyed to her father during minority, and who had permitted the father to make reasonable repairs upon the premises, and to occupy the same during his lifetime, was not concluded by the fact that a long time had elapsed, provided she had made her disaffirmance within the time allowed by statute, and within a reasonable time after the death of her father. It is true, of course, that this was a case in which the circumstances were peculiar, and the rule laid down may not be proper under the circumstances of this case. But it is fair to assume that the neglect of one of the heirs of Ellen Hall to disaffirm for a period of 14 months was not such an unreasonable delay, under the facts as they are established in this case, as to warrant the court in holding that the deed of the infants had been ratified in such a manner as to give character to the title of Hannah Hall. Nor can there be any question about the right of the plaintiff, as heir of the infants, to bring this action for the purpose of

disaffirming the deed executed by them during their minority. 9 Am. & Eng. Enc. Law (2d Ed.) p. 114, and cases cited in notes, page 115.

The judgment should be affirmed, with costs. All concur.