## Brunner, Appellant, *v.* Ringe.

*Deeds—Husband and wife—Minority of husband—Laches—Equity.*

Where a wife of full age and her husband, a minor, execute a deed for ground rents owned by the wife, the deed is effectual to pass the wife's title to the ground rents notwithstanding the minority of the husband, and if the husband and wife after the expiration of fifteen years from the date of the deed, file a bill for the cancellation of the deed, and for an accounting by the grantee of the rents collected, the bill will be dismissed as to both husband and wife.

Argued Dec. 10, 1913. Appeal, No. 159, Oct. T., 1913, by plaintiffs, from decree of C. P. No. 5, Phila. Co., Dec. T., 1912, No. 4,252, dismissing bill in equity in case of Lamar F. Brunner and Blanche deB. Brunner *v.* John H. Ringe, Jr., and Margaret F. Ringe. Before RICE, P. J., HENDERSON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Bill in equity for the cancellation of a deed and for an accounting. Before RALSTON, J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the bill.

*Bertram D. Rearick*, with him *Bernard A. Illoway*, for appellants.

*H. Crowell Pepper*, for appellees.

OPINION BY PORTER, J., July 15, 1914:

The bill of the plaintiffs avers that, on and prior to April 29, 1898, Blanche deB. Brunner was the wife of Lamar F. Brunner; that the said wife was, on said day, seized in fee of one-sixth interest in three certain ground rents; that on said day the said husband and wife did execute and deliver to the defendant Margarethe F. Ringe, wife of John H. Ringe, Jr., a deed conveying all the title and interest of said Blanche in said ground rents to the said Margarethe F. Ringe, a copy of the said deed being attached to and made part of the bill; that said Margarethe F. Ringe was and still is the wife of John H. Ringe, Jr., who at the time acted as her duly authorized agent and in her behalf negotiated for and secured the execution of said indenture by the plaintiffs; that at the date of said deed Lamar F. Brunner was a minor under the age of twenty-one years; that the complainants are advised and believe that the said indenture was and is null and void, and of no effect whatever to convey the interest of the said complainant Blanche deB. Brunner in the said ground rents, and that by reason of the record of said indenture the plaintiffs are unable to collect the interest of the said Blanche deB. Brunner in said ground rents. The bill prayed that a decree be entered declaring null and void the said deed of April 29, 1898, and that the defendants be required to surrender it for cancellation, and that the defendants be ordered to state an account of the amounts received by them on account of said ground rents and to pay unto the complainants the amount justly due them. The deed, attached to and made part of the bill, disclosed that the consideration of $345.61 for the conveyance of the interest of Mrs. Brunner in the ground rents had, at least prima facie, been paid by the grantee and received by the grantor. The defendants filed a demurrer, which the court sustained and dismissed the bill, and from that decree the plaintiffs appeal.

This bill did not aver that Blanche deB. Brunner was a minor at the time the deed was executed, it, therefore, must be assumed that she was a mature woman who had for a husband a man less than twenty-one years of age, but as to how much less the bill is silent. The bill contains no allegation of fraud, accident or mistake. The plaintiffs have received the purchase money for the ground rents, but the bill contains no suggestion of an offer or intention to return that purchase money. No attempt is made to conceal the moral dishonesty of what the plaintiffs propose, which is to keep the purchase money which they had received and take from Margarethe F. Ringe the ground rents which they conveyed to her and for which she paid and make her account for all the rent which she has received. The only reason which they urge in support of this demand is that this husband was less than twenty-one years of age at the time he joined his mature wife in executing this deed, their assertion is that, as matter of law, the deed was absolutely void, both as to husband and wife, at the time it was executed. There is nothing in this case to appeal to the conscience of a chancellor, and the plaintiffs should be required to establish their rights at law: North Pennsylvania Coal Co. v. Snowden, 42 Pa. 488; Long's App., 92 Pa. 171; Barclay's App., 93 Pa. 50.

The Act of June 8, 1893, P. L. 344, gives a married woman the same power that a feme sole has to sell her real estate, except that she may not make a valid conveyance unless her husband joins in the deed. "A married woman may, therefore, no longer repudiate her contract for the sale of her real estate, in which her husband has not joined, on the ground that it is void, and keep what has been paid to her on account of it or expended by her vendee in pursuance of it. Glidden v. Strupler, 52 Pa. 400; Grim's App., 105 Pa. 375, and other cases cited by counsel for appellee, are not now authority for permitting a married woman to

profit by her moral dishonesty, except when she undertakes to do what the act of 1893 says she shall not do. For the consequences of not doing that which she undertakes to do by virtue of the powers conferred upon her by that act she is as answerable for damages as if unmarried:" McCoy v. Niblick, 221 Pa. 126. The act of 1893 while giving to a married woman these enlarged powers over her separate estate, denied her power to mortgage or convey her land unless her husband joined in the conveyance. At the time the deed in question was executed the mode of conveyance, by a married woman, was regulated by the act of 1770, which required a joint deed with her husband and her own separate acknowledgment. "The purpose of the act of 1770 was two-fold, first, to prevent the wife from selling her land without the husband's consent, secondly, to prevent compulsion on her to make sale, against her real willingness. The first object is secured by the husband's joinder in the deed, the second by the separate examination and acknowledgment of the wife:" Bingler v. Bowman, 194 Pa. 210.

The deed in the present case was executed and acknowledged by the husband and wife in strict accordance with the provisions of the act of 1770. The husband joined in the deed, the wife was of full age and acknowledged the deed upon an examination separate and apart from her husband. This married woman exercised the power conferred upon her by the statutes to sell her real estate in strict accordance with the letter of their provisions. There is no statute which says that a married woman of full age shall not sell her property unless her husband is also of full age. The qualifications of the husband to contract remain as they were at common law, and are precisely the same as if he were unmarried. "The disabilities of coverture and infancy are separate and independent, and the mere fact that both concur in connection with the same act, does not give either of them any greater force

than it would have had separately. . . . If, therefore, the jury were satisfied that a deed had been made by plaintiff, the objection of coverture was avoided, and the defendant had only to meet that of infancy. The effect to be given to an infant's deed was long the subject of controversy, but the decided weight of authority now is that it is voidable only, that the title passes by it, and remains in the grantee until some clear act of disaffirmance is done by the grantor after coming of age:" Logan v. Gardner, 136 Pa. 599. The deed of Lamar F. Brunner, this husband, executed in his minority, did not bind him if, upon coming of age, he decided to disaffirm it. He could affirm or disaffirm at the proper time. His deed was, therefore, not void but voidable; and the right to avoid it was personal to himself: Dolph v. Hand, 156 Pa. 97. The deed of these plaintiffs was, therefore, not void, the wife being of full age, the title passed to the purchaser. The right of Lamar F. Brunner to disaffirm the deed upon coming of age could only extend to his interest which passed under the deed, his right to curtesy. The wife probably knew of her husband's minority and was aware that he might upon coming of age deprive the purchaser of the full fruits of the conveyance, but it is not necessary in this case to decide whether she would thereupon become answerable in damages to the purchaser. It has been held in Texas, under a statute containing provisions similar to that of this state, in a case involving precisely the same facts here presented, that the infancy of the husband was not provided for in the statute and could not be grafted upon it, and that the deed was valid and could not be avoided by the husband, irrespective of the lapse of time: Tippett v. Brooks, 67 S. W. Repr. 512. We do not, however, deem it necessary to go that far in the present case. This deed was effective to convey the interest of the wife in the property, and this being so the plaintiffs were not entitled to the relief prayed for and the bill was properly dis-

missed.   Whether a husband, who while a minor joins in a deed conveying the property of his wife, may by acting promptly upon coming of age disaffirm it as to his interest, is a question which can be decided when a case arises presenting those facts.   The deed in this case was executed and delivered on April 29, 1898. This bill was not filed until January 28, 1913.   Here was a lapse of almost fifteen years from the time the deed was delivered until this husband attempted to disaffirm it on the ground of his minority.   The right to disaffirm, when it exists, ought in justice to all parties, and as a matter of public policy, to be exercised within a reasonable time or treated as lost by waiver.   If one who has the right to elect does not exercise it within a reasonable time, but with full knowledge of his privilege, omits or neglects to assert it, his omission may fairly be regarded as the equivalent of an act of affirmance, and as amounting in fact and in law to ratification.   The bill in the present case presents no averments tending to explain or excuse this long delay.   "It is inequitable to permit one to wait for fifteen years, with full knowledge of his rights, and to allow him then to disaffirm, when the altered situation of the property and the region in which it is located are so evidently the inducement:" Dolph v. Hand, supra.   That case disclosed a case of delay for fifteen years, only three months greater than in the present case, and it was there held that the plaintiff was not entitled to disaffirm his deed, or recover the land, after such a lapse of time.   The specifications of error are overruled.

The decree is affirmed at the cost of the appellants.