Lucey Estate

Before Klein, P. J., Bolger, Lefever, Saylor and Shoyer, JJ.

*Solomon & Tolson,* for exceptant.

*Bruce L. Castor, H. Ober Hess, M. Jacob Markmann* and *Ballard, Spahr, Andrews & Ingersoll,* contra.

SAYLOR, J., November 7, 1958.—A life tenant, Carol Lucey Knab, having a one twenty-eighth interest in income, and presumptively a one-twelfth interest in principal, in a trust established by her grandfather, has filed exceptions to the opinion of Bolger, J., dismissing her petition to open the adjudication of Hunter, J., of June 6, 1952, on the first account of the trustees and to review that account. The petition, filed August 31, 1955, avers that at the time of the audit petitioner was a minor, unrepresented by counsel or by a guardian ad litem. Counsel appeals to the court en banc to correct its records in the interest of justice, claiming that the fact of an embezzlement which resulted in a substantial diminution in value of a trust asset was concealed from the auditing judge. Nearly all of the other parties in interest, although of full age at the time of the audit, join in the petition.

The agreed upon facts are as follows:

The minor petitioner was born May 18, 1932, and at the date of the audit was over 20 years of age and married. She and all of the other parties in interest had notice of the filing of the account and of the audit. By stipulation of the parties there is in the record a statement approving the account and requesting the court to confirm it. It was signed by petitioner, her brother, her five sisters and by her mother acting as administratrix of the estate of her father, Charles R. Lucey, one of the trustees. The account was filed because of his death on September 10, 1951, and because of the death of the other individual cotrustee, William J. Mooney, October 31, 1947.

The adjudication of Judge Hunter was confirmed absolutely. No exceptions thereto were taken.

The asset in question was a one-half interest in Rettew's Money Loan Office, which was awarded to the trustees at $90,000. Prior to the filing of the ac-

count by the sole surviving trustee, a corporate fiduciary, it had been ascertained by the trustees that because Richard Drueding, a trusted employe of the business for over 23 years, had embezzled about $125,000, the value of the one-half interest had been reduced to $45,688.32 as of March 31, 1952. In the balance of principal set forth in the account this interest was so reappraised without an explanation of the reason therefor. In the schedule of distribution the asset was again set forth at $90,000 with the reappraisement as of June 10, 1952, at $46,959.82, again without explanation of the reason.

All of the parties prior to the audit had knowledge of the embezzlement, which was discovered in 1949. Petitioner's father, Charles R. Lucey, was not only a trustee, in complete charge of the loan business when the embezzlement was discovered, but continued in charge thereof until his death. He and his co-trustee, Mr. Mooney, had been actively engaged on a full-time basis in the management.

The fact of the embezzlement was reported in the public press of Philadelphia when the embezzler was returned to the city as a fugitive, while he was being tried in criminal court, and when he was convicted and sentenced, all well before the audit and adjudication.

Vincent Cassidy, the husband of Barbara L. Cassidy, another daughter of Charles R. Lucey, was an employe of the loan office at the time the embezzlement was being revealed.

At the audit before Hunter, J., there was no formal appearance for any of the life tenants or remaindermen, but two of the former and one of the latter had consulted with counsel. They and their counsel were informed of the loss due to the embezzlement. Counsel for the accounting trustee informed the auditing judge that there were no questions known to the accountant

or its counsel which required adjudication or of which notice had been given to the parties in interest.

The petition is based on the contention that the fact of the embezzlement was not revealed to the auditing judge, nor later to the official examiner, and hence the court was never alerted to a situation wherein a minor was a party in interest and not represented at the audit. Counsel claims that a fraud was practiced on the court. He claims that the "re-appraisement" was consolidated with the change in market value of other securities in the estate, and that the whole effect was to conceal and withhold from the court the true facts.

We are at a loss to understand how the auditing judge was imposed upon. The parties in interest knew about the embezzlement. When they joined together in asking the court to confirm the account they presumably were aware that the investment in the loan office had been reappraised for the very reason that there had been the embezzlement. The auditing judge exercised his discretion as to whether the minor should be represented by a guardian ad litem. In his adjudication he noted that "all of the parties in interest are of full age and sui juris, except Carol Lucey Knab, a minor who was born on May 13, 1932 and is now past twenty years of age, and that notice of the audit was given to all parties in interest, including Elizabeth Lucey, the mother of the minor."

Judge Bolger in his opinion dismissing the petition said that as petitioner and all the other parties in interest had actual knowledge of the embezzlement, the reappraisement could not be inaccurate or misleading, nor could it fail to represent the facts. In any case, under the rules of court in effect at the time of the audit the accounting trustee was not required to reappraise the assets at all. Since the minor's interest in the trust was identical with the interests of her five adult sisters and her brother, and since neither they nor any of the other

adults who joined in the petition voiced any objection at the audit, Judge Bolger said:

"Judge Hunter, a most astute judge, must have deemed the petitioner's interest to be sufficiently represented, and in so doing he exercised a sound discretion."

We agree with the opinion judge.

Petitioner has not established her right to a review. There is no error of law shown. While petitioner has raised her objection within the statutory period, and while there has been no distribution of the estate and no intervention by third parties, we do not think there is any reason for the exercise in this case of the court's power to open the adjudication. Review is a form of equitable relief and before equity will grant relief "it must appear that good conscience and substantial justice require it": Hoffman's Appeal, 319 Pa. 1, 6; Stewart Estate, 358 Pa. 434, 439 (1948).

Moreover, there are no facts of which petitioner and any other parties in interest were not fully aware prior to the audit. Nor is there evidence that the accountant withheld or concealed any item from the knowledge of the parties in interest.

Here Mrs. Knab, aged over 20 years and married at the time of the audit, but nonetheless a minor, presented the petition. The other parties in interest, all of age at the day of the audit, seek to ride on the coattails of the status of another's minority. Neither they nor she honor their action in placing their signatures to a statement approving the account. Neither does any of them acknowledge any error or any act of inequity in requesting the court to confirm an account with which they now seek to find fault.

Furthermore, petitioner waited more than three years after attaining her majority on May 18, 1953, before she presented her petition on August 31, 1955. The citation under this petition was not issued until 45 months after she reached her majority. She did not

act promptly as did the minor in Pincus Estate, 378 Pa. 102 (1954). She should have acted, if at all, within a reasonable time: Brunner v. Rings, 57 Pa. Superior Ct. 237 (1914).

Petitioner and the other parties in interest were not merely silent at the time of the audit; they committed the positive act of approving the account in the trust for the period when their father was one of the trustees. Now, apparently that his estate is cleared of any responsibility for administering an important asset, they come into court seeking to inflict a surcharge on the sole remaining trustee. For them to succeed in their effort would result in a shocking act of injustice.

Moreover, an important witness, the late John J. Sullivan, Esq., then trust officer of the corporate trustee, was living at the time of the audit and of the adjudication. Following the filing of the petition to open the adjudication and for review, Mr. Sullivan's physical and mental condition became such that he was not available as a witness to testify concerning an estate with which he was familiar.

We are supported in our conclusion by the language of the will creating the trust. Knowing no doubt full well the hazards and complications in the conduct of a pawnbroking establishment, testator authorized and directed his executors to continue the business of which he was a half owner, and he protected them in so doing. Paragraph eleventh of the will reads as follows:

"It is my desire that my interest in the business known as Rettew's Money Loan Office, conducted at 28 North 11th Street, in the City of Philadelphia, be continued so long as my partner, BENJAMIN B. BLOCH, during his lifetime shall desire to continue the business jointly; and/or in the event of the death of the said BENJAMIN B. BLOCH, so long as the representatives of his interests desire to continue said

business; and further, I authorize my Executors and Trustees to continue my interest so long as they may consider it profitable, and I hereby absolve them from any liability for loss by reason of continuance in said business."

We are of the opinion that we have the discretion to exercise our equitable powers to open the audit. We are also of the opinion that it would be inequitable to exercise them in this case, and we refuse to do so.

The exceptions to the opinion of Bolger, J., are dismissed.